IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DARREN G. MCFADDEN;                                                                    PLAINTIFFS
and MCFADDEN ENTERPRISES, INC.

v.                                    No. 4:17CV00353 JLH

JACQUELINE VICK; CHEO CLARK;
and DOES 1-10                                                                           DEFENDANTS

**OPINION AND ORDER**

Darren McFadden is a professional football player. He entrusted Michael Vick[1] with the management of his finances. He alleges that Michael mishandled his assets, and he has instituted a separate action against Michael, alleging fraud, conversion, and breach of fiduciary duty. The present action concerns Michael's sister, Jacqueline Vick, and her husband, Cheo Clark. McFadden alleges that Michael fraudulently transferred real property located at 1508 and 1512 S. Battery St., Little Rock, Arkansas, to Jacqueline and Clark. He seeks to enjoin the defendants from disposing of the property as well as further relief to secure the value of the property. The defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The motion is denied.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] Not the Michael Vick who played quarterback in the National Football League.

678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Court accepts as true all of the factual allegations contained in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

McFadden seeks to avoid the transfer under Arkansas Code Annotated §§ 4-59-204 and -205 (2016). These statutes allow a creditor to avoid a transfer if the transfer was made "with actual intent to hinder, delay, or defraud any creditor of the debtor," Ark. Code Ann. § 4-59-204(a)(1); "without receiving a reasonably equivalent value in exchange for the transfer or obligation," Ark. Code Ann. §§ 4-59-204(a)(2), -205(a); or "to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent." Ark. Code Ann. § 4-59-205(b).

The defendants argue that the allegations against them in the complaint are vague and conclusory and therefore should be dismissed. As to Clark, the defendants argue that McFadden has alleged only that Clark is Jacqueline's spouse but has not stated a claim for fraud against him. The complaint alleges that Michael "stole, misappropriated and commandeered approximately $15,000,000.00 of [McFadden's] funds." Document #1 ¶29. On June 7, 2016, McFadden commenced an action against Michael. *Id.* ¶31. McFadden alleges that on August 15, 2016, Michael fraudulently transferred the property at Battery Street to Jacqueline. *Id.* ¶34. Clark received an interest in the property that Michael transferred to Jacqueline. *Id.* ¶38. The complaint further alleges

2

that Jacqueline and Clark knew that the transfer was fraudulent. *Id.* ¶¶40-42. These allegations state a claim under sections 4-59-204 and -205.

The defendants next argue that the complaint does not allege fraud with the specificity required under Federal Rule of Civil Procedure 9(b). Rule 9(b) requires plaintiffs to "plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Olson v. Fairview Health Servs. of Minn.*, 831 F.3d 1063, 1070 (8th Cir. 2016) (quotation and citation omitted). In other words, "the complaint must identify the who, what, where, when, and how of the alleged fraud." *Id.* (quotation and citation omitted).

The complaint identifies Michael and Jacqueline as parties to the transfer, and it identifies Jacqueline and Clark as individuals with legal interests in the property. Document #1 ¶¶34-35, 38. It identifies the property by address and description. *Id.* ¶34, Ex. A. It describes the transfer fully (dates, persons involved, objects). *Id.* ¶¶33-37, Exs. B, C. It describes the fraud, both in terms of the value received and the intent to defraud McFadden from recovering debts owed. *Id.* ¶¶31-36. McFadden has pled fraud with sufficient particularity.

The defendants next argue that McFadden has failed to state a claim because the complaint does not adequately allege that Michael is insolvent. The Arkansas statute defines an insolvent debtor as one whose debts are greater than assets. Ark. Code Ann. § 4-59-202(a) (2016). A debtor is presumed insolvent if he is not paying debts as they become due. Ark. Code Ann. § 4-59-202(b) (2016). The complaint alleges that Michael stole approximately $15,000,000 from McFadden, that McFadden has commenced an action against Michael to recover these converted funds, and that "Michael Vick was insolvent at the time the Transfer was made." Document #1 ¶¶31, 41-42. The

3

complaint satisfies the pleading requirements of the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Finally, the defendants say that injunctive relief is not appropriate because McFadden may have an adequate remedy at law for money damages against Michael. As explained above, the complaint adequately alleges grounds for injunctive relief under the statutes at issue.

The motion to dismiss is DENIED. Document #12.

IT IS SO ORDERED this 10th day of October, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE